IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

MAR - 6 2014

| | | |
|---|---|---|
| ERIC M. STILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14cv236 CMH/TCB |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | Removed from the Circuit Court for |
| | ) | Prince William County |
| Defendant. | ) | Case No. CL14000272-00 |
| | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant), by and through its undersigned counsel, hereby removes this action from the Circuit Court for Prince William County, in which court the case is currently pending, to the United States District Court for the Eastern District of Virginia. In support thereof, Defendant states as follows:

### I. BACKGROUND

1. Defendant exercises its rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this case from the Circuit Court for Prince William County. The case is now pending under the name and style of *Eric M. Stiller v. JP Morgan Chase Bank, N.A.*, Case No. CL14000272-00.

2. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3. This is a civil action that was instituted in state court and has not been tried. Plaintiff Eric M. Stiller ("Plaintiff") filed a complaint naming Chase as a defendant with the Circuit Court for Prince William County on or about January 10, 2014, concerning a promissory note and mortgage deed of trust that secures the promissory note and encumbers 16648 Space More Circle, Woodbridge, Virginia (the "Property") and a related loan modification agreement. The current unpaid balance on the note is $546,381.56. The Plaintiff seeks a declaratory judgment seeking, *inter alia*, an order declaring that Plaintiff is not obligated under the $546,381.56 note. Pursuant to 28 U.S.C. § 1446(a), the Defendant attaches hereto as *Exhibit A* copies of all process, pleadings, and orders served upon the Defendant to date.

## II. THE NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED

4. Chase was served with a copy of Plaintiff's Complaint on or about February 18, 2014. The Complaint was the initial pleading received by Chase, and it is filing this Notice of Removal within 30 days of receipt of this initial pleading. Therefore, the Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## III. SUBJECT MATTER JURISDICTION

5. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a), which provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States."

6. Here, Plaintiff is a resident of Louisiana. (Ex. A, Comp. ¶ 1.) Complete Diversity exists. Chase is a national bank with its main office in Ohio, and is, therefore, a citizen of Ohio for diversity purposes.

7. The amount in controversy requirement is also satisfied. The Complaint alleges that Plaintiff executed a promissory note and mortgage deed of trust with Chase for the Property

and that Plaintiff is not liable for the balance on the note which, as of February 26, 2014, totaled $546,381.56. (Ex. A, Compl. ¶¶ 3, 5, 17.) Accordingly, the monetary value of Plaintiff's declaratory judgment action is $546,381.56. Therefore, the amount in controversy requirement is satisfied as the balance on the note far exceeds $75,000.

8. In sum, because there is complete diversity of citizenship between the parties and the amount in controversy requirement is satisfied, this case is properly removed to this Court.

### IV. PROCEDURAL COMPLIANCE

9. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the Circuit Court for Prince William County, in which court the case is currently pending, to the United States District Court for the Eastern District of Virginia.

10. The United States District Court for the Eastern District of Virginia embraces the county in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 127. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a). The Circuit Court for Prince William County is located within this District and cases arising in the Circuit Court for Prince William County are properly assigned to the United States District Court for the Eastern District of Virginia. *See* 28 U.S.C. § 127.

11. Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff written notice of the filing of this Notice of Removal, and Defendant shall file the written notice with the clerk of the Circuit Court for Prince William County, attaching thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal. An unexecuted copy of the Notice of Filing of Notice of Removal is attached hereto as *Exhibit B*.

12. In filing this Notice of Removal, Defendant denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged or is entitled to relief

in any manner. Defendant does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions. No statement herein or omission herefrom shall be deemed to constitute an admission by Defendant of any of the allegations of or relief sought in the Complaint.

## V. CONCLUSION

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. respectfully requests the above-captioned action now pending in the Circuit Court for Prince William County be removed to the United States District Court for the Eastern District of Virginia and that the United States District Court for the Eastern District of Virginia assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice. If any questions arise as to the proprietary of the removal of this action, Defendant requests the opportunity to present a brief and argument in support of its position that this case is removable.

Date: March 5, 2014                     Respectfully submitted,

_____
Jeffrey L. Tarkenton (VSB No. 20631)
Lela M. Ames (VSB No. 75932)
WOMBLE CARLYLE SANDRIDGE &
  RICE, LLP
1200 Nineteenth Street, N.W., Suite 500
Washington, DC 20036
Telephone: 202-857-4450
Facsimile: 202-261-0050
E-mail: jtarkenton@wcsr.com
E-mail: lames@wcsr.com

*Attorneys for JPMorgan Chase Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of March, 2014, I served a true and correct copy of the foregoing Notice of Removal via the Court's CM/ECF system or by first class, U.S. Mail, postage prepaid, upon the following:

John R. Griffin, Esq.
Hartman and Egeli, LLP
116 Defense Highway
Suite 300
Annapolis, MD  21401

                                              _____
                                              Jeffrey L. Tarkenton