*Assign /O'Conna*
*C + C B/ mntgoge*
*email: Docket*
*manager*



# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452 | *Secretary of the Commonwealth* | RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

JP Morgan Chase Bank, N.A.
1111 Polaris Parkway
Columbus, OH 43240

2/9/2014

Eric M. Stiller

vs.

JP Morgan Chase Bank, N.A.

**Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below mentioned court or any attorney of your choice. Our office does not accept payments on behalf of debts. The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Prince William County Circuit Court
9311 Lee Avenue
Manassas, VA 20110

*N3*

Service of Process Clerk
Secretary of the Commonwealth's Office

**Legal Papers Served**
(New York)

FEB 20 2014

☐ Inter-office Mail   ☐ Certified Mail
☐ Federal Express   ☐ Hand Delivery
☐ Fax ☐ U.S. Mail   ☐ Email ☒ UPS
Reviewed by: **OHI – 0152**

K. Miller   2/20/14
Date:

**M. Thompson**
Date:

LEGAL DEPARTMENT - KK
Columbus, Ohio
RECEIVED

FEB 18 2014

UPS/FedEx__ Certified✓ USPS__
Interoffice__ Fax__ Served__
E-Mail__ Unknown__

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**
Commonwealth of Virginia

Case No. __CL14-272__

Prince William County ............................................................ Circuit Court

| | | |
|---|---|---|
| Eric M. Stiller | v. | JP Morgan Chase Bank, N.A. |
| 7214 E Jackson Drive | | 1111 Polaris Parkway |
| New Orleans, LA 70117 | | Columbus, OH 43240 |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | ☐ Summons and Complaint | ☐ Notice |
|---|---|---|
| | | ☒ .................... COMPLAINT |

I, the undersigned Affiant, state under oath that
☒ the above-named defendant  ☐
whose last known address is  ☒ same as above ☐ .....................................................
1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).
2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

.................................................................. is the hearing date and time on the attached process or notice.

LEGAL DEPARTMENT - KK
Columbus, Ohio
RECEIVED
2014

| 1 - 9 - 2014 | |
|---|---|
| DATE | ☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT  ☐ PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE |

State of __Maryland__  ☐ City ☒ County of __Anne Arundel__

Acknowledged, subscribed and sworn to before me this day by __Lauren B. Cross__

PRINT NAME OF SIGNATORY

UPS __ U-X __ Certified √ USPS__
_____ Fax _Served_
E-Mail _Unknown_

__1/9/14__
. DATE

☐ CLERK  ☐ MAGISTRATE  ☒ NOTARY PUBLIC

Notary Registration No. ............................... My commission expires: __3/29/16__

**Lauren B. Cross**
Notary Public, Anne Arundel County, MD
My Commission Expires 3/29/2016

☐ ....................................... Certificate of compliance is requested and a self-addressed stamped envelope is provided.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is by, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-NAMED COURT.

**CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On ........... FEB 0 4 2014 ..................., legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On ........... FEB 1 2 2014 ..................., papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATEE
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 11/07
VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

SERVE

# COMMONWEALTH OF VIRGINIA



### PRINCE WILLIAM CIRCUIT COURT
Civil Division
9311 LEE AVENUE
MANASSAS VA 20110
(703) 792-6029

**Summons**

To: JP MORGAN CHASE BANK NA
SECRETARY OF THE COMMONWEALTH
PO BOX 2454
RICHMOND VA 23218

Case No. 153CL14000272-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, January 14, 2014

Clerk of Court: MICHELE B MCQUIGG

by _Diane Oldham_
(CLERK/DEPUTY CLERK)

Instructions:  SERVICE OF THE COMPLAINT THROUGH THE SECRETARY OF THE COMMONWEALTH

Hearing Official:

LEGAL DEPARTMENT - KK
Columbus, Ohio
RECEIVED

FEB 1 8 2014

UPS/FedEx_ Certified ✔ USPS __
Interoffice_ Fax_ Hand d __
E-Mail_ Unknown_

Attorney's name:   GRIFFIN, JOHN R; ESQ
116 DEFENSE HWY
STE 300
21401

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Prince William County .......................................... Circuit Court

(CLERK'S OFFICE USE ONLY)  Case No. CL14-242

Eric M. Stiller ......... v./in re: ......... JP Morgan Chase Bank, N.A.
PLAINTIFF(S)                                    DEFENDANT(S)

7214 E. Jackson Drive, New Orleans, LA 70117          1111 Polaris Parkway, Columbus, OH 43240

I, the undersigned [ ] plaintiff [X] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate below by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [ ] Other General Tort Liability

## ADMINISTRATIVE LAW

- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

- [ ] Adoption*
- [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
- [ ] Annulment – Counterclaim/Responsive
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement –
- [ ] Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
- [ ] Separate Maintenance Counterclaim

## WRITS

- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Conservator
- [ ] Trust (select one)
  - [ ] Impress/Declare
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

## MISCELLANEOUS

- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Bond Forfeiture Appeal
- [X] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of U.S. Currency
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien–Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify) _____

**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

[ ] Damages in the amount of $ _____ are claimed.

DATE: January 7, 2014

[ ] PLAINTIFF  [ ] DEFENDANT  [•] ATTORNEY FOR  [•] PLAINTIFF  [ ] DEFENDANT

[ ] PLAINTIFF

John R. Griffin, #11035
PRINT NAME

116 Defense Highway, Suite 300
ADDRESS/TELEPHONE NUMBER OF SIGNATOR
Annapolis, Maryland 21401 (410) 266-3232

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

RECEIVED FEB 18 2014

UPS FedEx Certified USPS Fax Served Unknown

## Civil Action Type Codes
### (Clerk's Office Use Only)

Accounting ....................................................ACCT
Adoption .......................................................ADOP
Adoption – Foreign ......................................FORA
Adult Protection ..........................................PROT
Aid and Guidance ...........................................AID
Annexation ..................................................ANEX
Annulment ...................................................ANUL
Annulment – Counterclaim/Responsive Pleading..ACRP
Appeal/Judicial Review
    ABC Board ..................................................ABC
    Board of Zoning .......................................ZONE
    Compensation Board ..............................ACOM
    DMV License Suspension ..............................JR
    Employment Commission ...........................EMP
    Employment Grievance Decision ...............GRV
    Local Government ....................................GOVT
    Marine Resources ......................................MAR
    School Board ................................................JR
    Voter Registration ...................................AVOT
    Other Administrative Appeal ...................AAPL
Appointment
    Conservator of Peace .................................COP
    Church Trustee ........................................AOCT
    Guardian/Conservator .............................APPT
    Marriage Celebrant .................................ROMC
    Standby Guardian/Conservator ...............STND
Asbestos Litigation ...........................................AL
Attachment ....................................................ATT
Bond Forfeiture Appeal ..................................BFA
Child Abuse and Neglect – Unfounded Complaint ..CAN
Civil Contempt ............................................CCON
Claim Impleading Third Party Defendant –
    Monetary Damages/No Monetary Damages ..CTP
Complaint – (Miscellaneous) ........................COM
Compromise Settlement .............................COMP
Condemnation ............................................COND
Confessed Judgment .........................................CJ
Contract Action ...........................................CNTR
Contract Specific Performance ....................PERF
Counterclaim – Monetary Damages/No Monetary
    Damages .......................................................CC
Cross Claim ................................................CROS
Declaratory Judgment ................................DECL
Declare Death .............................................DDTH
Detinue ..........................................................DET
Divorce
    Complaint – Contested/Uncontested .........DIV
    Counterclaim/Responsive Pleading ........DCRP
    Reinstatement – Custody/Visitation/Support/
      Equitable Distribution ...........................CVS
Driving Privileges
    Reinstatement pursuant to § 46.2-427 .......DRIV
    Restoration – Habitual Offender or
      3rd Offense .............................................REST

Ejectment .....................................................EJET
Encumber/Sell Real Estate .................................RE
Enforce Vendor's Lien ...................................VEND
Escheatment ....................................................ESC
Establish Boundaries ...................................ESTB
Expungement ..............................................XPUN
Forfeiture of U.S. Currency ..........................FORF
Freedom of Information ....................................FOI
Garnishment ...............................................GARN
Injunction ........................................................INJ
Intentional Tort ...........................................ITOR
Interdiction .................................................INTD
Interpleader ..................................................INTP
Interrogatory ................................................INTR
Judgment Lien – Bill to Enforce ...................LIEN
Landlord/Tenant ..............................................LT
Law Enforcement/Public Official Petition ........LEP
Mechanics Lien ...........................................MECH
Medical Malpractice ...................................MED
Motor Vehicle Tort ........................................MV
Name Change ...................................................NC
Other General Tort Liability ........................GTOR
Partition .......................................................PART
Petition – (Miscellaneous) ...............................PET
Product Liability .........................................PROD
Quiet Title .......................................................QT
Referendum Elections ...................................ELEC
Reinstatement (Other than divorce or driving
    privileges) ................................................REIN
Removal of Case to Federal Court .................REM
Restore Firearms Rights – Felony ................RFRF
Restore Firearms Rights – Review ...............RFRR
Separate Maintenance ....................................SEP
Separate Maintenance – Counterclaim/Responsive
    Pleading ...................................................SCRP
Sever Order ..................................................SEVR
Taxes
    Correct Erroneous State/Local ...............CTAX
    Delinquent ..............................................DTAX
Termination of Mineral Rights .......................MIN
Trust – Impress/Declare ...............................TRST
Trust – Reformation ......................................REFT
Unlawful Detainer ...........................................UD
Vehicle Confiscation ......................................VEH
Voting Rights – Restoration .........................VOTE
Will Construction ........................................CNST
Will Contested ..............................................WILL
Writs
    Certiorari ......................................................WC
    Habeas Corpus ........................................WHC
    Mandamus ..................................................WM
    Prohibition ..................................................WP
    Quo Warranto .........................................WQW
Wrongful Death ...............................................WD

IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY: VIRGINIA

Eric M. Stiller )
)
 Plaintiff )
)
v. ) Case No. CL14-2772
)
JP Morgan Chase Bank, N.A. )
Serve: Secretary of the Commonwealth )
)
 Defendant )

LEGAL DEPARTMENT - KK
Columbus, Ohio
RECEIVED

FEB 1 8 2014

UPS/FedEx_ Certified _ USPS_
Interoffice_ Fax_ Served_
E-Mail_ Unknown_

### COMPLAINT

Eric M. Stiller, Plaintiff, by undersigned counsel, his attorneys, hereby sues the

Defendant and for his causes of action states:

### FACTS COMMON TO ALL COUNTS

1. Eric Stiller ("Mr. Stiller") is an officer in the United States Army and is presently

residing in New Orleans, Louisiana.

2. Mr. Stiller and Christina Moore ("Ms. Moore") acquired a piece of real property

together located at 16648 Space More Circle, Woodbridge, Virginia 22191 and more

particularly describe as: Lot 50, Section 6, Port Potomac (the "Property"), by deed dated

March 31, 2008 and recorded April 1, 2008 as document number 200804010030169.

3. By deed dated January 14, 2009 and recorded January 21, 2009 as document

number 200901210004924, Mr. Stiller and Ms. Moore conveyed the Property to themselves

as joint tenants with the right of survivorship.

4. The Property is a single family residence.

5. The Property is subject to a deed of trust dated March 31, 2008 and recorded April

1, 2008 as document number 200804010030170 in the original principal amount of

$571,039.00 for the benefit of Mortgage Electronic Registration Systems, Inc. (the "Deed of Trust").

6.  Upon information and belief, the current holder of the note secured by the Deed of Trust is JP Morgan Chase Bank, N.A. ("Chase")

7.  Plaintiff does not occupy the Property and has not done so for several years.

8.  Ms. Moore is the sole owner of the Property and Mr. Stiller no longer holds any title to the Property.

9.  On or about September 1, 2011, Chase and Ms. Moore entered into a loan modification agreement (the "Agreement"). A copy of that Agreement is attached hereto as Exhibit A.

10.  Mr. Stiller was never informed of the loan modification, did not approve it, and did not sign the Agreement.

11.  The Agreement materially altered the terms of the note and deed of trust by, among other things, extending the term of the note and recapitalizing interest.

## COUNT I
### (Declaratory Judgment)

12.  Mr. Stiller incorporates the allegations of paragraphs 1 through 11 of the Complaint herein this Count I.

13.  Chase's modification of the loan without Mr. Stiller's authorization resulted in a new loan, with a new rate, new balance, and new term.

14.  Mr. Stiller neither executed nor consented to the modification agreement.

15.  Ms. Moore has defaulted on her new loan with Chase, and Chase has reported the new loan to credit bureaus as Mr. Stiller's obligation, effectively preventing Mr. Stiller from buying a new home.

16. Mr. Stiller has disputed the entry on his credit report but has been denied relief from Chase.

17. A controversy exists between the parties involving Mr. Stiller's alleged obligation under the modification agreement, as well as the note and deed of trust it modified.

WHEREFORE, Mr. Stiller requests that this Honorable Court enter an Order declaring the rights and interests of the parties to the Property and declaring that Mr. Stiller is no longer obligated under the note as a result of the modification agreement and directing Chase to delete all entries for this obligation from his credit history.

Eric M. Stiller
By Counsel:

Date: January 7, 2014

John R. Griffin, VSB# 71035
Hartman and Egeli, LLP
116 Defense Highway, Suite 300
Annapolis, Maryland 21401
(410) 266-3232
(410) 266-5561 fax
john.griffin@hartmanegeli.com

3

# JPMC Separation Page

## Loan Info:

| | | |
|---|---|---|
| Customer ID: | JPMC-PRIME | Recordable? N |
| Loan Number: | 1749428631 | |
| LOB: | CHASE | MERS? Y |
| Borrower Name: | CHRISTINA J MOORE | |
| Property Address: | 16648 SPACE MORE CIR | |
| | WOODBRIDGE   VIRGINIA   22191 | |

### To:

| | |
|---|---|
| Borrower Name: | CHRISTINA J MOORE |
| Mailing Address: | 16648 SPACE MORE CIR |
| | WOODBRIDGE   VIRGINIA |
| | 22191 |

## From: CHASE

**Countersignature Date: 10-19-2011**

**Borrower Sig Date:    09-22-2011**

**Package Type: BAU_MOD_FINAL_COUNTERSIGN**

Number of Envelopes: 0        *** Needs Countersignature ***



# USPS

Ship Date: OCTOBER 19, 2011





Loan Number    1749428631

# LOAN MODIFICATION AGREEMENT

MIN: 100312500002120798

Borrower ("I")[1]:  CHRISTINA J MOORE and ERIC M STILLER
Lender ("Lender"):   JPMORGAN CHASE BANK, N.A.
Date of First Lien Security Instrument (the "Mortgage") and Note (the "Note"):  MARCH 31, 2008
Loan Number: 1749428631 (the "Loan")
Property Address: 16648 SPACE MORE CIR, WOODBRIDGE, VIRGINIA 22191   (the "Property")

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns, MERS is organized and
existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026,
Flint, MI 48501-2026, (888) 679-MERS.

If my representations in Section 1 continue to be true in all material respects, then the provisions of
Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and
supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage.
The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan
Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan
Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my
income to determine whether I qualify for the offer described in this Agreement. This Agreement will
not take effect unless and until the Lender signs it.

1.  **My Representations.**  I represent to the Lender and agree:

    A.  I am experiencing a financial hardship, and as a result, am either in default under the Loan
        Documents or a default is imminent.

    B.  The Property is neither in a state of disrepair, nor condemned.

    C.  There has been no change in the ownership of the Property since I signed the Loan
        Documents.

    D.  I am not a party to any litigation involving the Loan Documents, except to the extent I may be
        a defendant in a foreclosure action.

    E.  I have provided documentation for all income that I earn.

    F.  All documents and information I provide pursuant to this Agreement are true and correct.

2.  **The Modification.**  The Loan Documents are hereby modified as of **SEPTEMBER 01, 2011** (the
    "Modification Effective Date"), and all unpaid late charges are waived.  The Lender agrees to
    suspend any foreclosure activities so long as I comply with the terms of the Loan Documents, as
    modified by this Agreement.  The Loan Documents will be modified, and the first modified
    payment will be due on the date set forth in this Section 2:

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words
signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP  Ver. 07_20_2011_01_30_57                Page 1 of 6 pages



Loan Number      1749428631

**We are a debt collector.**

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.**



V1 12-14-10



Loan Number     1749428631

A. The Maturity Date will be: **AUGUST 01, 2041.**

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts towards taxes, insurance, or other assessments. The new principal balance of my Note is **$561,526.48** (the "New Principal Balance").

C. The Interest Bearing Principal Balance will re-amortize over 360 months.

   Interest will begin to accrue as of **AUGUST 01, 2011.** The first New monthly payment on the New Principal Balance will be due on **SEPTEMBER 01, 2011,** and monthly on the same date thereafter.

   My payment schedule for the modified Loan is as follows:

   I promise to pay interest on the New Principal Balance at the rate of **4.500%** annually. I promise to make consecutive monthly payments of principal and interest in the amount of **$2,845.17,** which is an amount sufficient to amortize the New Principal Balance over a period of 360 months.

   The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for an adjustable or step interest rate.

D. I agree to pay in full (i) the New Principal Balance, and (ii) any other amounts still owed under the Loan Documents, by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire New Principal Balance, or the Maturity Date.

E. I will be in default if I do not (i) pay the full amount of a monthly payment on the date it is due, or (ii) comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the New Principal Balance will be the rate set forth in Section 2.C.

3. **Additional Agreements.** I agree to the following:

   A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

   B. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

   C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.



Loan Number    1749428831

D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

J. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

K. That MERS holds only legal title to the interests granted by the Borrower in the mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests,

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 07_20_2011_01_30_57          Page 3 of 6 pages



Loan Number    1749428631

including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender including, but not limited to, releasing and canceling the mortgage Loan.

L.   I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 07_20_2011_01_30_57          Page 4 of 6 pages



Loan Number   1749428631

## TO BE SIGNED BY BORROWER ONLY

BORROWER SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And CHRISTINA J MOORE and ERIC M STILLER, LOAN NUMBER 1749428631 WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2011

In Witness Whereof, the Borrower(s) have executed this agreement.

Borrower - CHRISTINA J MOORE

Date: 22 Sep 2011

Borrower - ERIC M STILLER

Date: ___/___/___

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP · ver. 07_20_2011_01_30_57 ·        Page 6 of 6 pages



Loan Number    1749428831

## TO BE SIGNED BY LENDER ONLY

LENDER SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK,
N.A. And CHRISTINA J MOORE and ERIC M STILLER, LOAN NUMBER 1749428631 WITH A
MODIFICATION EFFECTIVE DATE OF September 01, 2011

In Witness Whereof, the Lender has executed this Agreement.

Lender

JPMORGAN CHASE BANK, N.A.

By: _____

Date: _____ 10/9.11

Leslie Murphy
Vice President

Mortgage Electronic Registration Systems, Inc.

By: _____

Date: _____ 10/9.11

Michael C. Derner
Assistant Secretary

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 07_20_2011_01_30_57          Page 6 of 6 pages



# COVER SHEET FOR FILING CIVIL ACTIONS

**COMMONWEALTH OF VIRGINIA**

(CLERK'S OFFICE USE ONLY)

Case No. _CL14-222_

Prince William County ........................................ Circuit Court

Eric M. Siller ........ PLAINTIFF(S) ........ v./in re: ........ JP Morgan Chase Bank, N.A. ........ DEFENDANT(S)

7214 E. Jackson Drive, New Orleans, LA 70117 ........ 1111 Polaris Parkway, Columbus, OH 43240

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking the box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
[ ] Counterclaim

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
[ ] Unlawful Detainer
[ ] Mechanic Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

[ ] Removal of Case to Federal Court
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Interpleader
[ ] Cross Claim
[ ] No Monetary Damages
[ ] Monetary Damages
[ ] Counterclaim
[ ] No Monetary Damages
[ ] Monetary Damages

[ ] Damages in the amount of $ _____ are claimed.

## ADMINISTRATIVE LAW

[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
[ ] Other Administrative Appeal

## DOMESTIC/FAMILY

[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive
[ ] Child Abuse and Neglect – Unfounded
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement –
    [ ] Custody/Visitation/Support/Equitable
      Distribution
[ ] Separate Maintenance
[ ] Separate Maintenance Counterclaim

## WRITS

[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Trust (select one)
  [ ] Impress/Declare
[ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

## MISCELLANEOUS

[ ] Amencement (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Bond Forfeiture Appeal
[X] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of U.S. Currency
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify) _____ Columbus, Ohio

RECEIVED
FEB 18 2014
DEPARTMENT - KK

DATE: January 7, 2014

John R. Griffin, #17035 ........ PRINT NAME

116 Defense Highway, Suite 300 ........ ADDRESS/TELEPHONE NUMBER OF SIGNATOR

Annapolis, Maryland 21401 (410) 266-3232

[ ] PLAINTIFF [ ] DEFENDANT [ ] ATTORNEY FOR [ ] (PLAINTIFF) (DEFENDANT)

[ ] UPS [X] FedEx [ ] Certified [ ] USPS [ ] Hand/File [ ] Fax Served

**"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no-fault grounds and none of the above issues are in dispute.

# Civil Action Type Codes
## (Clerk's Office Use Only)

Accounting ...................................................... ACCT
Adoption ....................................................... ADOP
Adoption – Foreign ........................................ FORA
Adult Protection ............................................ PROT
Aid and Guidance .......................................... AID
Annexation .................................................... ANEX
Annulment ..................................................... ANUL
Annulment – Counterclaim/Responsive Pleading... ACRP
Appeal/Judicial Review
   ABC Board ................................................ ABC
   Board of Zoning ....................................... ZONE
   Compensation Board ................................ ACOM
   DMV License Suspension ............................ JR
   Employment Commission ............................ EMP
   Employment Grievance Decision ................ GRV
   Local Government .................................... GOVT
   Marine Resources ..................................... MAR
   School Board .............................................. JR
   Voter Registration ................................... AVOT
   Other Administrative Appeal ................... AAPL
Appointment
   Conservator of Peace ................................. COP
   Church Trustee ....................................... AOCT
   Guardian/Conservator ............................. APPT
   Marriage Celebrant ............................... ROMC
   Standby Guardian/Conservator ............... STND
Asbestos Litigation .......................................... AL
Attachment ...................................................... ATT
Bond Forfeiture Appeal ................................. BFA
Child Abuse and Neglect – Unfounded Complaint .. CAN
Civil Contempt ............................................ CCON
Claim Impleading Third Party Defendant –
   Monetary Damages/No Monetary Damages ......... CTP
Complaint – (Miscellaneous) ....................... COM
Compromise Settlement ............................... COMP
Condemnation ............................................. COND
Confessed Judgment .......................................... CJ
Contract Action ........................................... CNTR
Contract Specific Performance ...................... PERF
Counterclaim – Monetary Damages/No Monetary
   Damages ...................................................... CC
Cross Claim ................................................. CROS
Declaratory Judgment ................................. DECL
Declare Death ............................................. DDTH
Detinue ........................................................... DET
Divorce
   Complaint – Contested/Uncontested ........... DIV
   Counterclaim/Responsive Pleading ........... DCRP
   Reinstatement – Custody/Visitation/Support/
     Equitable Distribution ......................... CVS
Driving Privileges
   Reinstatement pursuant to § 46.2-427 ....... DRIV
   Restoration – Habitual Offender or
     3rd Offense ....................................... REST

Ejectment ..................................................... EJET
Encumber/Sell Real Estate ............................... RE
Enforce Vendor's Lien ................................. VEND
Escheatment .................................................. ESC
Establish Boundaries ................................... ESTB
Expungement ............................................... XPUN
Forfeiture of U.S. Currency .......................... FORF
Freedom of Information ................................... FOI
Garnishment ............................................... GARN
Injunction ....................................................... INJ
Intentional Tort ........................................... ITOR
Interdiction ................................................... INTD
Interpleader .................................................. INTP
Interrogatory ................................................ INTR
Judgment Lien – Bill to Enforce .................... LIEN
Landlord/Tenant .............................................. LT
Law Enforcement/Public Official Petition ..... LEP
Mechanics Lien ........................................... MECH
Medical Malpractice .................................... MED
Motor Vehicle Tort ........................................ MV
Name Change ................................................... NC
Other General Tort Liability ....................... GTOR
Partition ...................................................... PART
Petition – (Miscellaneous) ........................... PET
Product Liability ......................................... PROD
Quiet Title ....................................................... QT
Referendum Elections .................................. ELEC
Reinstatement (Other than divorce or driving
   privileges) ............................................... REIN
Removal of Case to Federal Court ................ REM
Restore Firearms Rights – Felony ............... RFRF
Restore Firearms Rights – Review ............... RFRR
Separate Maintenance .................................. SEP
Separate Maintenance – Counterclaim/Responsive
   Pleading ................................................. SCRP
Sever Order ................................................. SEVR
Taxes
   Correct Erroneous State/Local ............... CTAX
   Delinquent ............................................ DTAX
Termination of Mineral Rights ..................... MIN
Trust – Impress/Declare ............................. TRST
Trust – Reformation ..................................... REFT
Unlawful Detainer ........................................... UD
Vehicle Confiscation ....................................... VEH
Voting Rights – Restoration ........................ VOTE
Will Construction ........................................ CNST
Will Contested ............................................. WILL
Writs
   Certiorari .................................................. WC
   Habeas Corpus ....................................... WHC
   Mandamus ................................................ WM
   Prohibition ................................................ WP
   Quo Warranto ...................................... WQW
Wrongful Death .............................................. WD

IN THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY: VIRGINIA

| | |
|---|---|
| Eric M. Stiller | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Case No. CL14-272 |
| | ) |
| JP Morgan Chase Bank, N.A. | ) |
| Serve: Secretary of the Commonwealth | ) |
| | ) |
|     Defendant | ) |

## COMPLAINT

Eric M. Stiller, Plaintiff, by undersigned counsel, his attorneys, hereby sues the Defendant and for his causes of action states:

### FACTS COMMON TO ALL COUNTS

1. Eric Stiller ("Mr. Stiller") is an officer in the United States Army and is presently residing in New Orleans, Louisiana.

2. Mr. Stiller and Christina Moore ("Ms. Moore") acquired a piece of real property together located at 16648 Space More Circle, Woodbridge, Virginia 22191 and more particularly describe as: Lot 50, Section 6, Port Potomac (the "Property"), by deed dated March 31, 2008 and recorded April 1, 2008 as document number 200804010030169.

3. By deed dated January 14, 2009 and recorded January 21, 2009 as document number 200901210004924, Mr. Stiller and Ms. Moore conveyed the Property to themselves as joint tenants with the right of survivorship.

4. The Property is a single family residence.

5. The Property is subject to a deed of trust dated March 31, 2008 and recorded April 1, 2008 as document number 200804010030170 in the original principal amount of

1

$571,039.00 for the benefit of Mortgage Electronic Registration Systems, Inc. (the "Deed of Trust").

6.   Upon information and belief, the current holder of the note secured by the Deed of Trust is JP Morgan Chase Bank, N.A. ("Chase")

7.   Plaintiff does not occupy the Property and has not done so for several years.

8.   Ms. Moore is the sole owner of the Property and Mr. Stiller no longer holds any title to the Property.

9.   On or about September 1, 2011, Chase and Ms. Moore entered into a loan modification agreement (the "Agreement"). A copy of that Agreement is attached hereto as Exhibit A.

10.   Mr. Stiller was never informed of the loan modification, did not approve it, and did not sign the Agreement.

11.   The Agreement materially altered the terms of the note and deed of trust by, among other things, extending the term of the note and recapitalizing interest.

## COUNT I
### (Declaratory Judgment)

12.   Mr. Stiller incorporates the allegations of paragraphs 1 through 11 of the Complaint herein this Count I.

13.   Chase's modification of the loan without Mr. Stiller's authorization resulted in a new loan, with a new rate, new balance, and new term.

14.   Mr. Stiller neither executed nor consented to the modification agreement.

15.   Ms. Moore has defaulted on her new loan with Chase, and Chase has reported the new loan to credit bureaus as Mr. Stiller's obligation, effectively preventing Mr. Stiller from buying a new home.

2

16. Mr. Stiller has disputed the entry on his credit report but has been denied relief from Chase.

17. A controversy exists between the parties involving Mr. Stiller's alleged obligation under the modification agreement, as well as the note and deed of trust it modified.

WHEREFORE, Mr. Stiller requests that this Honorable Court enter an Order declaring the rights and interests of the parties to the Property and declaring that Mr. Stiller is no longer obligated under the note as a result of the modification agreement and directing Chase to delete all entries for this obligation from his credit history.

Eric M. Stiller
By Counsel:

Date: January 7, 2014

John R. Griffin, VSB# 71035
Hartman and Egeli, LLP
116 Defense Highway, Suite 300
Annapolis, Maryland 21401
(410) 266-3232
(410) 266-5561 fax
john.griffin@hartmanegeli.com

# JPMC Separation Page

## Loan Info:

| | | |
|---|---|---|
| Customer ID: | JPMC-PRIME | Recordable? N |
| Loan Number: | 1749428631 | |
| LOB: | CHASE | MERS? Y |
| Borrower Name: | CHRISTINA J MOORE | |
| Property Address: | 16648 SPACE MORE CIR WOODBRIDGE   VIRGINIA   22191 | |

### To:

| | |
|---|---|
| Borrower Name: | CHRISTINA J MOORE |
| Mailing Address: | 16648 SPACE MORE CIR WOODBRIDGE   VIRGINIA 22191 |

## From: CHASE

**Countersignature Date: 10-19-2011**

**Borrower Sig Date:**      09-22-2011

**Package Type: BAU_MOD_FINAL_COUNTERSIGN**

**Number of Envelopes: 0**          *** Needs Countersignature ***





# USPS

Ship Date: OCTOBER 19, 2011



Loan Number    1749428631

# LOAN MODIFICATION AGREEMENT

MIN: 100312500002120798

Borrower ("I")[1]:  CHRISTINA J MOORE and ERIC M STILLER
Lender ("Lender"):  JPMORGAN CHASE BANK, N.A.
Date of First Lien Security Instrument (the "Mortgage") and Note (the "Note"):  MARCH 31, 2008
Loan Number: 1749428631  (the "Loan")
Property Address: 16648 SPACE MORE CIR, WOODBRIDGE, VIRGINIA 22191   (the "Property")

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it.

1.  **My Representations.**  I represent to the Lender and agree:

   A.  I am experiencing a financial hardship, and as a result, am either in default under the Loan Documents or a default is imminent.

   B.  The Property is neither in a state of disrepair, nor condemned.

   C.  There has been no change in the ownership of the Property since I signed the Loan Documents.

   D.  I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

   E.  I have provided documentation for all income that I earn.

   F.  All documents and information I provide pursuant to this Agreement are true and correct.

2.  **The Modification.**  The Loan Documents are hereby modified as of SEPTEMBER 01, 2011 (the "Modification Effective Date"), and all unpaid late charges are waived. The Lender agrees to suspend any foreclosure activities so long as I comply with the terms of the Loan Documents, as modified by this Agreement. The Loan Documents will be modified, and the first modified payment will be due on the date set forth in this Section 2:

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT –CHAMP  Ver. 07_20_2011_01_30_57        Page 1 of 6 pages



We are a debt collector.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

V1 12-14-10



A. The Maturity Date will be: **AUGUST 01, 2041.**

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts towards taxes, insurance, or other assessments. The new principal balance of my Note is **$561,526.48** (the "New Principal Balance").

C. The Interest Bearing Principal Balance will re-amortize over 360 months.

Interest will begin to accrue as of AUGUST 01, 2011. The first New monthly payment on the New Principal Balance will be due on SEPTEMBER 01, 2011, and monthly on the same date thereafter.

My payment schedule for the modified Loan is as follows:

I promise to pay interest on the New Principal Balance at the rate of 4.500% annually. I promise to make consecutive monthly payments of principal and interest in the amount of $2,845.17, which is an amount sufficient to amortize the New Principal Balance over a period of 360 months.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for an adjustable or step interest rate.

D. I agree to pay in full (i) the New Principal Balance, and (ii) any other amounts still owed under the Loan Documents, by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire New Principal Balance, or the Maturity Date.

E. I will be in default if I do not (i) pay the full amount of a monthly payment on the date it is due, or (ii) comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the New Principal Balance will be the rate set forth in Section 2.C.

3. **Additional Agreements.** I agree to the following:

A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

B. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.



Loan Number   1749428631

D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows; If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

J. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

K. That MERS holds only legal title to the interests granted by the Borrower in the mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests,

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 07_20_2011_01_30_57        Page 3 of 6 pages



Loan Number    1749-426631

including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender including, but not limited to, releasing and canceling the mortgage Loan.

L. I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)



Loan Number    1749428631

## TO BE SIGNED BY BORROWER ONLY

BORROWER SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And CHRISTINA J MOORE and ERIC M STILLER, LOAN NUMBER 1749428631 WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2011

In Witness Whereof, the Borrower(s) have executed this agreement.

_____     Date: 22 Sep 2011

Borrower - CHRISTINA J MOORE

_____     Date: ___/___/___

Borrower - ERIC M STILLER

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP - ver. 07_20_2011_01_30_57 .        Page 5 of 6 pages



Loan Number    1749428631

## TO BE SIGNED BY LENDER ONLY

LENDER SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And CHRISTINA J MOORE and ERIC M STILLER, LOAN NUMBER 1749428631 WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2011

In Witness Whereof, the Lender has executed this Agreement.

Lender

JPMORGAN CHASE BANK, N.A.

By:

Date: 10-19-11

Leslie Murphy
Vice President

Mortgage Electronic Registration Systems, Inc.

By:

Date: 10-19-11

Michael C. Derner
Assistant Secretary

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 07_20_2011_01_30_57       Page 8 of 8 pages



## TIMELY SERVICE REQUIREMENT:

Service of process in actions brought on a warrant or motion for judgment pursuant to Virginia Code § 16.1 79 or § 16.1-81 shall be void and of no effect when such service of process is received by the Secretary within ten days of any return day set by the warrant. In such cases, the Secretary shall return the process or notice, the copy of the affidavit, and the prescribed fee to the plaintiff or his agent. A copy of the notice of the rejection shall be sent to the clerk of the court in which the action was filed.

## NON-RESIDENCE GROUNDS REQUIREMENT:

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of actio arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within the Commonwealth at the time of contracting; or

8. (ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having in personam jurisdiction over such person.

9. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

## DUE DILIGENCE REQUIREMENT:

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has made a bona fide attempt to determine the actual place of abode or location of the person to be served.



CERTIFIED MAIL

7012 2920 0000 3752 8105

First

UNITED STATES POSTAGE
02 1P   $ 006.97⁰
0004436827   JAN 09 2014
MAILED FROM ZIP CODE 21401

U.S. POSTAGE ⟩⟩ PITNEY BOWES
ZIP 23219   $ 008.03⁰
02 1W
0001377804 FEB 12 2014

JP Morgan Chase Bank, N.A.
1111 Polaris Parkway
Columbus, OH 43240